# State of New Jersey

RICHARD J. CODEY
Acting Governor

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 1121
TRENTON, NJ 08625-0112

PETER C. HARVEY
Attorney General

September 27, 2005

Honorable John J. Hughes, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

    Re:  New Jersey Protection and Advocacy v. Davy
          Civil Action No. 05-1784 (SRC)

Dear Judge Hughes:

Please accept this letter brief in response to Plaintiff's three motions to admit Jennifer Mathis, Alison Barkoff, and Ira A. Burnim, esquires, pro hac vice, on behalf of the New Jersey Commissioner of Human Services James Davy. For the following reasons Commissioner Davy objects to the motions for admission of Ms. Mathis, Ms. Berkhoff and Mr. Burnim, Esqs. pro hac vice.

Admission to the Federal District Court pro hac vice is in the sound discretion of the trial court. See Koch Materials Co. v. Short Slurry Seal, Inc., 208 F.R.D. 109, 122 (D.N.J. 2002) (Rosen); Thoma v. A.H. Robbins Co., 100 F.R.D. 344, 348, 1983 U.S. Dist.



September 26, 2005
Page 2

LEXIS 12065 (D.N.J. No. 2, 1983) (denying admission pro hac vice to out of state counsel), motion for reconsideration denied 100 F.R.D. 344, 348, 1983 U.S. Dist. LEXIS 10667 (D.N.J. Dec. 19, 1983). As summarized in Thoma:

> [T]he Supreme Court of New Jersey has held that there is no constitutional right on the part of a client to select an attorney who is not a member of the Bar of New Jersey. State v. Kavanaugh, 52 N.J. 7 (1968). Accordingly, a New Jersey state court has rejected a party's contention that "admission is mandatory, absent good cause for its denial." Burlington County Internal Medical Associates v. American Medicorp, Inc., 168 N.J. Super. 382, 384 (Ch. Div. 1979). [100 F.R.D. 344, 348, 1983 U.S. Dist. LEXIS 10667 at *3]

In considering a motion for admission pro hac vice, the court must find certain requirements of the court rules are met. See L. R. Civ. P. 101.1(c). More importantly, the court must determine that all or most of the factors in favor admission of out-of-state counsel are present. Thoma, supra, 1983 U.S. Dist. LEXIS 10667 at *4 (citing Burlington County Internal Medical Assoc., supra, 168 N.J. Super. at 384). Those factors are:

> (1) complexity of the issues in which out-of-state counsel specialize, (2) a long held attorney-client relationship, (3) lack of local counsel with the necessary expertise, (4) existence of legal questions involving the law of the foreign jurisdiction and (5) the need for extensive discovery proceedings in the foreign jurisdiction. [Ibid.]

The participation of Ms. Mathis, Ms. Berkhoff and Mr. Burnim,

September 26, 2005<br>Page 3

Esqs., in addition to the representation provided by the attorneys already representing NJP&A's interests is not necessary and serves none of the legitimate interests set forth in case law.

New Jersey Protection and Advocacy, Inc. ("NJP&A") is the plaintiff in this matter and has its own Director of Litigation, William Emmet Dwyer, Esq., who signed the Complaint, Amended Complaint and brief in opposition to dismiss the complaint in this matter ("Opposition Brief"). NJP&A also has staff attorneys, including Helen Dodick, Esq., who contributed to the Opposition. Mr. Dwyer and Ms. Dodick are listed on the Opposition Brief as "Attorneys for Plaintiff." In addition to its own legal staff, NJP&A has retained a national law firm with New Jersey offices, Pepper Hamilton LLC, to represent its interests in this matter. Three attorneys from Pepper Hamilton, Nicholas M. Kouletsis, Jeffrey A. Carr, and Jordan A. Stern, Esqs., contributed to the Opposition and filed it as "Attorneys for Plaintiff."

With this motion, plaintiff seeks to admit three more attorneys employed by the same mental health advocacy organization, the Judge David L. Bazelon Center for Mental Health, to represent its interests. Nothing in the certifications presented to the Court in support of the admission of Ms. Mathis, Ms. Berkhoff and Mr. Burnim, Esqs. indicates what expertise, if any, each brings to this matter. In considering this issue, it is important to note

September 26, 2005
Page 4

that NJP&A is the New Jersey mandated agency for protection and advocacy in the State of New Jersey and part of a national network of agencies for the protection and advocacy for persons with mental illness.  <u>See</u> Brief of Plaintiff in Opposition to Motion to Dismiss, II(B).  Thus, NJP&A itself, brings the necessary legal subject matter expertise to represent its own interests in this matter.  It also seems fair to assume that NJP&A believes that its expertise is further enhanced by the legal expertise of its counsel, Pepper Hamilton LLC.  Thus the first and third factors to be considered -- complexity of legal issues in which out-of state counsel specialize and lack of local counsel with necessary expertise-- militate in favor of denial of NJP&A's motion.

None of the other factors to be considered for <u>pro hac vice</u> admission are present either.  NJP&A has provided no notice of a long-stating attorney client relationship with the Bazelon Center for Mental Health.  The legal questions involved in the matter arise under Title II of the Americans with Disabilities Act, 42, <u>U.S.C.</u> §§ 12101 <u>et seq.</u> ("ADA"), New Jersey Supreme Court, United States Supreme Court and Third Circuit case law.  <u>See</u> Amended Complaint ¶¶ 12-20, 43-44.  The ADA and decisions of these courts are always applicable to Commissioner Davy's actions and thus there are no legal questions involving the law of the foreign jurisdictions.  Finally, because this case only involves

September 26, 2005
Page 5

"individuals with mental illness who are confined to state psychiatric hospitals within New Jersey," see Amended Complaint ¶4, all discovery will take place in New Jersey. Thus there is no need for any, let alone extensive, discovery proceedings in a foreign jurisdiction. Based on NJP&A's inability to establish any factors in favor of its motion, the Court should exercise its discretion to deny the motions for pro hac vice admission.

Finally, it is worth noting that the amended complaint seeks prevailing party costs, pursuant to 42 U.S.C. §1988. See Amended Complaint, Relief Requested ¶D. Assuming arguendo that NJP&A will prevail on this motion and ultimately in this matter, the hourly fees for eight attorneys will most certainly lead to enormous and unnecessary costs. For example, the amount time spent to keep eight attorneys abreast of the developments in this case will be estensive.[1] While not a specific factor to be taken into account in this type of motion, it further indicates that the representation by the three attorneys employed by the Bazelon Center for Mental Health is not necessary to allow adequate representation of NJP&A's interests in this matter.

---

[1] Whether the three motions for admission pro hac vice are granted and assuming arguendo that NJP&A prevails in this matter, the Defendant reserves the right to object specifically to costs generated by the excessive number of attorneys on this matter at the appropriate time or for any other reason.

September 26, 2005<br>Page 6

For all of these reasons the three motions to admit Ms. Mathis, Ms. Berkhoff and Mr. Burnim, Esqs., <u>pro</u> <u>hac</u> <u>vice</u> should be denied.

                                           Respectfully submitted,

                                           PETER C. HARVEY
                                           ATTORNEY GENERAL OF NEW JERSEY

                            By:   <u>s/ Beth Leigh Mitchell</u>
                                    Beth Leigh Mitchell (BLM0651)
                                    Deputy Attorney General

C.    James Davy, Commissioner, DHS
      James McGuire, Esq., Special Deputy Commissioner, DHS
      Kevin Martone, Assistant Commissioner, DHS

      William Emmet Dwyer, Esq.
      Helen Dodick, Esq.
      Nicholas M. Kouletsis, Esq.
      Jeffrey A. Carr, Esq.
      Jordan A. Stern, Esq.