UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NEW JERSEY PROTECTION AND ADVOCACY INC., A New Jersey non-profit corporation** | : : : : | Civil Action No. 05-1784 (SRC) |
| **Plaintiff,** | : : | |
| v. | : : | O R D E R |
| **JAMES DAVY, In his Official Capacity as Commissioner of Human Services for the State of New Jersey,** | : : : : | |
| **Defendant.** | : : | |

  This matter comes before the Court upon Motion by Plaintiff New Jersey Protection and Advocacy, Inc. ("Plaintiff") to admit Alison Barkoff, Esquire, [Docket entry #10], returnable October 17, 2005, to the bar of this Court *pro hac vice*; and Defendant opposing the Motion; and the Court noting Defendant's concern that admission of additional attorneys may significantly increase the amount of attorneys fees and costs associated with litigation of the case; but the Court noting that Defendant may object to any unreasonable fees and costs should Plaintiff "prevail" on the underlying matter; and the Court noting Defendant's concern that eight attorneys for Plaintiff may lead to unnecessary delays in the completion of discovery; but the Court noting that the Local Civil Rules and Federal Rules of Civil Procedure impose the necessary limitations on discovery to alleviate Defendants' concerns. *See e.g.* FED. R. CIV. P. 26(b); and the Court having reviewed the Parties' submissions; and the Court having conducted oral argument on October 17, 2005; and good cause having been shown;

  IT IS on this 18th day of October, 2005,

  ORDERED that Alison Barkoff, Esquire, be permitted to appear *pro hac vice*; provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by William Emmett Dwyer, Esquire, Counsel of record for the Plaintiff and a member of good

standing of the New Jersey Bar, who shall be held responsible for said papers and for the conduct of the cause and who shall be present before the Court during all steps of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorneys admitted herein; and it is

FURTHER ORDERED that for the duration of this case, Alison Barkoff, Esquire, shall arrange with the New Jersey Lawyers' Fund for Client Protection for payment of the annual fee, in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days of the date of the entry of this Order; and it is

FURTHER ORDERED that Alison Barkoff, Esquire, shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including the provisions of L. CIV. R. 104.1 Discipline of Attorneys; and it is

FURTHER ORDERED that Alison Barkoff, Esquire, shall be deemed to have agreed to take no fee in any tort case in excess of New Jersey's contingent fee rule, pursuant to New Jersey Court Rule 1:21-7, as amended; and it is

FURTHER ORDERED that Alison Barkoff, Esquire, shall make payment of $150.00, for the *Pro Bono* fund, to the Clerk of the United States District Court for the District of New Jersey, in accordance with L. CIV. R. App. K., within twenty (20) days of the date of the entry of this Order.

    /s/ *John J. Hughes*
    **JOHN J. HUGHES**
    **UNITED STATES MAGISTRATE JUDGE**