The Judge David L.

# BAZELON CENTER
### for Mental Health Law
www.bazelon.org

March 1, 2017

Honorable Freda L. Wolfson
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

       **Re:**    **Termination of Settlement Agreement in *Disability Rights New Jersey v. Velez*, Civil Action No. 05-1784**

Dear Judge Wolfson:

This letter is to notify the Court that the term of the Settlement Agreement in this case has ended and the parties agree that Defendant has achieved substantial compliance with the Agreement.

The original terms of the Agreement provided that it would expire on November 30, 2014. Upon the joint motion of the parties, this Court extended the term of the Agreement through May 30, 2016, with Plaintiff reserving the right to seek enforcement of the Agreement until 30 days after Defendant produced finalized data for the quarter ending May 30, 2016. Final data and a draft plan for Defendant's future compliance with *Olmstead*, shared to solicit Plaintiff's feedback, were available on January 17, 2017. Based on the final data provided, the parties agree that Defendant achieved substantial compliance with the Agreement.

The parties believe that the implementation of this Agreement has brought tremendously important changes to New Jersey's mental health service system. As a result of the Agreement, the state has significantly expanded its supportive housing capacity for people with serious mental illness, enabling thousands of individuals to avoid needless institutionalization. The state exceeded its obligation under the Agreement to create new supportive housing units for individuals on CEPP status ("conditional extension pending placement," meaning that the individual was determined by a court to be ready for discharge but without an appropriate setting available to which to be discharged) and individuals at risk of admission to state psychiatric hospitals, developing 1436 new supportive housing units for these individuals during the settlement period. Community services for individuals with serious mental illness have become significantly more robust, and the state will draw down new federal Medicaid dollars to help finance those services.

As a result of the state's efforts to expand and improve community services and to improve discharge planning, the census of the state hospitals has decreased by more than one third since the time that this case was filed. Individuals on CEPP status accounted for nearly 50% of the state hospital population at the time the case was filed, and now account for only 22% of the

state hospital population.  The state has also ensured the successful discharge of 294 of the 297 individuals who had been continuously on CEPP status in state hospitals since July 1, 2008, at the time of the settlement.

As a result of the Agreement, the lives of thousands of New Jersey residents with mental illness have been and continue to be immeasurably improved.

Sincerely,

Jennifer Mathis
Bazelon Center for Mental Health Law
1101 Fifteenth Street NW, Suite 1212
Washington, D.C. 20005
(202) 467-5730 ext. 313

Joseph Young
Disability Rights New Jersey
210 S. Broad Street
Trenton, NJ 08608
(609) 292-9742

*Attorneys for Plaintiff Disability Rights New Jersey*

Gerard Hughes
Deputy Attorney General
Division of Law, Health & Human Services Section
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
(609) 341-5096

*Attorney for Defendant Elizabeth Connolly*

2